# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **MARK L. NEFF,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **vs.** | ) | **CIVIL NO. 05-879-DRH** |
| | ) | |
| **SARAH REVELL,** | ) | |
| | ) | |
| **Respondent.** | ) | |

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

This cause is before the Court on Petitioner's motion to proceed *in forma pauperis*. Petitioner, an inmate in the Federal Correctional Institution at Greenville, Illinois, brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge his enhanced sentence as an armed career criminal, stemming from his 1994 conviction in the United States District Court for the Central District of Illinois for being a felon in possession of a firearm.

Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases. After carefully reviewing the petition in the present case, the Court concludes that Petitioner is not entitled to relief, and the petition must be dismissed.

Normally a person may challenge his federal conviction only by means of a motion brought

before the sentencing court pursuant to 28 U.S.C. § 2255.  This remedy typically supersedes the writ of habeas corpus.  A Section 2241 petition by a federal prisoner is generally limited to challenges to the execution of the sentence.  *Valona v. United States,* 138 F.3d 693, 694 (7th Cir. 1998); *Atehortua v. Kindt,* 951 F.2d 126, 129 (7th Cir. 1991).  *See also Waletski v. Keohane*, 13 F.3d 1079, 1080 (7th Cir. 1994) ("prisoner who challenges his federal conviction or sentence cannot use [§ 2241] at all but instead must proceed under 28 U.S.C. § 2255."). However, a petition challenging the conviction may be brought pursuant to 28 U.S.C. § 2241 if the remedy provided by 28 U.S.C. § 2255 is inadequate or ineffective.

Petitioner contends that he is one of those for whom the Section 2255 motion is inadequate or ineffective to test the legality of his detention.  However, the fact that Petitioner may be barred from bringing a section 2255 petition is not, in itself, sufficient to render it an inadequate remedy. *In re Davenport,* 147 F.3d 605, 609-10 (7th Cir. 1998) (§ 2255 limitation on filing successive motions does not render it an inadequate remedy for a prisoner who had filed a prior Section 2255 motion).  Further, "[f]ailure to comply with the requirements of the § 2255 statute of limitations is not what Congress meant when it spoke of the remedies being 'inadequate or ineffective to test the legality of his detention.'"  *Montenegro v. U.S.*, 248 F.3d 585 (7th Cir. 2001), *overruled on other grounds, Ashley v. United States*, 266 F.3d 671 (7th Cir. 2001).[1]  *See also Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000) ("Neither will a claim of procedural bar suffice to demonstrate that section 2255 relief is inadequate or ineffective."); *United States v. Barrett*, 178 F.3d 34, 49- 50 (1st Cir. 1999), *cert. denied*, 528 U.S. 1176 (2000); *Triestman v. United States*, 124 F.3d 361, 376 (2d Cir.

---

[1] *Ashley* overruled only Part III of *Montenegro*.  *Ashley* held that a decision that a right initially recognized by Supreme Court is retroactively applicable to cases on collateral review, as will begin one-year limitations period under Antiterrorism and Effective Death Penalty Act (AEDPA), can be made by a Court of Appeals or a district court, as well as by Supreme Court.  *Ashley*, 266 F.3d at 674.

1997) (noting that section 2255's substantive and procedural barriers by themselves do not establish that section 2255 is inadequate or ineffective); *In re Dorsainvil*, 119 F.3d 245, 251 (3ᵈ Cir. 1997). Instead, a petitioner under Section 2241 must demonstrate the inability of a Section 2255 motion to cure the defect in the conviction.

In *Davenport*, the Seventh Circuit considered the meaning of "inadequacy" for purposes of § 2255.  The Circuit stated that "[a] procedure for post-conviction relief can fairly be termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as ***having been imprisoned for a nonexistent offense***."  *Davenport,* 147 F.3d at 611 (emphasis added).

> Every court that has addressed the matter has held that § 2255 is "inadequate or ineffective" only when a structural problem in § 2255 forecloses even one round of effective collateral review – and then only when as in *Davenport* the claim being foreclosed is one of actual innocence.  *See, e.g., Cradle v. United States ex rel. Miner*, 290 F.3d 536, 538-39 (3ᵈ Cir. 2002); *In re Jones*, 226 F.3d 328, 333-34 (4ᵗʰ Cir. 2000); *Reyes-Requena v. United States*, 243 F.3d 893, 902-03 (5ᵗʰ Cir. 2001); *United States v. Peterman*, 249 F.3d 458, 462 (6ᵗʰ Cir. 2001); *Wofford v. Scott*, 177 F.3d 1236, 1244 (11ᵗʰ Cir. 1999).

*Taylor v. Gilkey*, 314 F.3d 832 ,835-36 (7ᵗʰ Cir. 2002).

When, then, may a petitioner successfully argue that he is "actually innocent" under *Davenport*?  The Seventh Circuit clarified this standard by stating that "actual innocence" is established when a petitioner can "admit everything charged in [the] indictment, but the conduct no longer amount[s] to a crime under the statutes (as correctly understood)."  *Kramer v. Olson*, 347 F.3d 214, 218 (7ᵗʰ Cir. 2003).

Such is not the case here.  Petitioner does not suggest that the charged conduct is no longer a crime.  To the contrary, like many other federal inmates, Petitioner argues that a portion of his

sentence is invalidated by the recent Supreme Court case of *Shepard v. United States*, 544 U.S. 13,

125 S.Ct. 1254 (2005). In *Shepard*, the Supreme Court addressed the extent to which information

about prior convictions based on guilty pleas may be considered by a later sentencing court when

determining the applicability of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), to

convictions obtained under 18 U.S.C. § 922(g)(1) (felon in possession of a firearm).[2] The Supreme

Court limited the evidence a court may rely on to enhance punishment to (1) the terms of the

charging documents; (2) a statement of the factual basis for the earlier charges shown by a transcript

of the plea colloquy; (3) a written plea agreement presented to the earlier court, or (4) a record of

comparable findings of fact adopted by the defendant before entering the plea. *Shepard*, 125 S.Ct.

at 1259-1261, 1263. Because Petitioner's conviction was final before *Shepard* was decided on

March 7, 2005, *Shepard* can help him only if it is retroactively applicable. This Court concludes that

*Shepard* is not retroactively applicable.[3]

The Supreme Court discussed retroactivity of its decisions in *Schriro v. Summerlin*, 542 U.S.

348, 351-52 (2004).

> When a decision of this Court results in a "new rule," that rule
> applies to all criminal cases still pending on direct review. As to
> convictions that are already final, however, the rule applies only in
> limited circumstances. New *substantive* rules generally apply
> retroactively. This includes decisions that narrow the scope of a
> criminal statute by interpreting its terms, ... as well as constitutional
> determinations that place particular conduct or persons covered by

---

[2] The ACCA mandates a minimum 15-year prison sentence for anyone possessing a firearm after three prior convictions for serious drug offenses or violent felonies. Burglary constitutes a violent felony only if the defendant commits the offense in a building or enclosed space (*i.e.*, "generic burglary") and does not extend to offenses committed in a boat or a vehicle. 18 U.S.C. § 924(e)(2)(B)(ii). *See Taylor v. United States*, 495 U.S. 575, 599 (1990).

[3] As previously noted, a district judge may determine whether a new decision of the Supreme Court applies retroactively. *Ashley, supra*, 266 F.3d at 674.

the statute beyond the State's power to punish,.... Such rules apply retroactively because they necessarily carry a significant risk that a defendant stands convicted of an act that the law does not make criminal or faces a punishment that the law cannot impose upon him.

New rules of procedure, on the other hand, generally do not apply retroactively. They do not produce a class of persons convicted of conduct the law does not make criminal, but merely raise the possibility that someone convicted with use of the invalidated procedure might have been acquitted otherwise. Because of this more speculative connection to innocence, we give retroactive effect to only a small set of watershed rules of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding. That a new procedural rule is "fundamental" in some abstract sense is not enough; the rule must be one without which the likelihood of an accurate conviction is *seriously* diminished.

*Id.* (internal quotes and citations omitted, emphasis in original). The Supreme Court added that this class of rules is so narrow that no case fitting into it has yet emerged. *Id.* at 352 (citing *Tyler v. Cain*, 533 U.S. 656, 667, n. 7 (2001)(quoting *Sawyer v. Smith*, 497 U.S. 227, 243 (1990)).

*Shepard*, like *Booker* and *Blakely*, was based on *Apprendi*,[4] and the Seventh Circuit has already held that these rulings do not apply retroactively. *McReynolds v. United States*, 397 F.3d 479, 481 (7th Cir. 2005) (*Booker* and *Blakely* not retroactively applicable); *Curtis v. United States*, 294 F.3d 841, 844 (7th Cir. 2002) (*Apprendi* not retroactively applicable). The rule set out in *Shepard* is procedural, so it would have to be a watershed change in criminal procedure in order to apply retroactively. Clearly it is not. *Shepard* merely limits the materials a district court may consider in determining whether prior convictions subject a defendant to an enhanced sentence under § 924(c).

Finally, and perhaps most importantly, the Supreme Court has given no indication that

---

[4] *See Blakely v. Washington*, 542 U.S. 296 (2004); *United States v. Booker*, 543 U.S. 220 (2005); *Apprendi v. New Jersey*, 530 U.S. 466 (2000).

*Shepard* applies retroactively to cases on collateral review.[5]  Accordingly, the procedural rule set forth in *Shepard* is not applicable on collateral review, and thus it is not cognizable under the savings clause of § 2241.  Therefore, the petition for writ of habeas corpus is **DENIED**, and this action is **DISMISSED** without prejudice to re-filing at such time as the Supreme Court renders a decision in favor of retroactivity.

The Clerk shall **CLOSE THIS CASE**.

**IT IS SO ORDERED.**

**DATED:  May 25, 2006.**

/s/   David  RHerndon
**DISTRICT JUDGE**

---

[5]  Although the Court has found no published cases addressing the retroactivity of *Shepard* on collateral review, several non-published cases have determined that it is not retroactive.  *See, e.g., Tracy v. Williamson*, No. 05-2659, 2005 WL 2812805 at *1 (3ᵈ Cir., Oct.28, 2005) (*Shepard* did not change the substantive law as to the elements of an offense); *McCleskey v. United States*, No. EP-05-CA-0272-PRM, 2005 WL 1958407 at *6 (W.D.Tex., Aug.15, 2005)(*Shepard* is not retroactive to judgments that were final before the date it was released); *Olivas-Gutierrez v. United States*, No. EP-05-CA-0139-DB, 2005 WL 1241871 at *5 (W.D.Tex., May 19, 2005)(rule announced in *Shepard* does not apply retroactively to convictions on collateral review); *Morales v. United States of America*, No. Civ. 03-980 ADM, 2005 WL 807051 (D.Minn., April 7, 2005)(Supreme Court gave no indication that *Shepard* applies retroactively to cases on collateral review); *Duong v. United States*,  2005 WL 3312630 (S.D.Tex., 2005).